UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CHRIS ALLEN KIZANIS,

           Petitioner,

v.

COMMISSIONER OF SOCIAL SECURITY,[1]

           Respondent.

Case No. 2:19-cv-00281-CWD

**MEMORANDUM DECISION AND ORDER**

**INTRODUCTION**

Currently pending before the Court is Chris Kizanis's Petition for Review of the Respondent's denial of social security benefits, filed on July 18, 2019. (Dkt. 1.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the decision of the Commissioner.

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul will be substituted as the Respondent in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

On May 17, 2018, Petitioner protectively filed an application for Title II benefits for a period of disability beginning May 20, 2017, based upon physical and mental impairments related to traumatic brain injury, migraines, hearing loss, depressive disorder, and post-traumatic stress disorder ("PTSD"). The application was denied initially and on reconsideration, and a hearing was held on April 5, 2019, before Administrative Law Judge (ALJ) Stephen Marchioro. After considering testimony from Petitioner and a vocational expert, ALJ Marchioro issued a decision on April 24, 2019, finding Petitioner not disabled.

Petitioner timely requested review by the Appeals Council, which denied his request for review on June 20, 2019. Petitioner timely appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

On the date of the administrative hearing, Petitioner was 36 years of age. He served in the United States Army on active duty between 2004 and 2008, serving as an infantry soldier and sniper during the Gulf War. He received service connected disability benefits from the Veterans Administration effective March 29, 2009, which at that time rated him as 60% disabled. Thereafter, Petitioner was a drill instructor in the United States Army Reserve until his disability onset date of May 20, 2017. The Veterans Administration increased Petitioner's service connected disability rating to 100%, effective June 30, 2017. (AR 1046.) Petitioner completed high school and attended

college, but he did not obtain a degree. In addition to his army service, Petitioner's prior work experience includes work as a fence erector and marksmanship instructor.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since his alleged onset date of May 20, 2017. At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's mild traumatic brain injury (TBI), migraines, bilateral sensorineural hearing loss, PTSD, and depressive disorder severe within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ considered numerous listings pertinent to Petitioner's mental and physical impairments. (AR 46 – 47.) Relevant here, the ALJ found that Petitioner's PTSD did not meet or equal the criteria for Listing 12.15 (Trauma- and Stressor-Related Disorders). The ALJ evaluated the paragraph B criteria, and found that Petitioner's mental impairments did not cause at least one extreme limitation or two marked limitations. (AR 47.). Accordingly, the ALJ determined that Petitioner's mental impairments related to his PTSD diagnosis did not meet Listing 12.15. (AR 47.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four,

**MEMORANDUM DECISION AND ORDER - 3**

whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Petitioner was not able to perform his past relevant work as a marksmanship instructor or fence erector.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate, at step five, that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's RFC, age, education, and work experience. Based upon the testimony of the vocational expert, the ALJ determined Petitioner retained the RFC to perform the requirements of representative occupations such as routing clerk, document preparer, and addresser. Therefore, the ALJ issued a determination of not disabled.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

**MEMORANDUM DECISION AND ORDER - 4**

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER - 5**

## DISCUSSION

Petitioner raises a single issue, contending the ALJ erred at step three on the ground that Petitioner's PTSD meets or equals the criteria of Listing 12.15 for Trauma-Related and Stressor-Related Disorders. Petitioner argues the ALJ's determination at step three is not supported by substantial evidence, because the ALJ did not consider the entirety of the medical evidence contained in the VA medical records which supports the underlying 100% service connected disability rating. If the ALJ had done so, Petitioner argues the medical evidence supports a finding that Petitioner's PTSD is at listing level, or equivalent thereto.

Upon review of the record, the Court finds the ALJ's determination at step three is supported by substantial evidence in the record, and therefore free of legal error, for the reasons explained below.

**1.     Petitioner Has Not Shown He Meets the Requirements of Listing 12.15.**

Petitioner claims the ALJ erred in finding he does not meet the requirements of Listing 12.15. Under SSA regulations, "[t]he Listing of Impairments...describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). For a claimant's impairment to meet the requirements of a listed impairment, all the criteria of that exact listing and the duration requirement of the listing must be satisfied. 20 C.F.R. §§ 404.1525(c)(1-3), 416.925(c)(1-3).

Listing 12.15 addresses trauma-related and stressor-related disorders, including

PTSD. 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.15. To satisfy the requirements of Listing 12.15, Petitioner must satisfy criteria in paragraph A of the listing, which medically substantiates the presence of a mental disorder, and the criteria in either paragraph B or C, which describe the functional limitations associated with the disorder which are incompatible with the ability to work. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00A.

To satisfy the paragraph B criteria, Petitioner's paragraph A impairments must result in "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning listed in paragraph B. These four areas are:

> 1. Understand, remember, or apply information;
> 2. Interact with others;
> 3. Concentrate, persist or maintain pace; and
> 4. Adapt or manage oneself.

Listing 12.15B (citing 12.00E). A marked limitation means that a claimant's ability to function independently, appropriately, effectively, and on a sustained basis in a particular area is seriously limited. 20 C.F.R. § pt. 404, subpt. P, app. 1, 12.00F.2. An extreme limitation means that a claimant is not able to function in a particular area independently, appropriately, effectively, and on a sustained basis. *Id.*

To satisfy the paragraph C criteria, Petitioner must establish that:

> Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing

**MEMORANDUM DECISION AND ORDER - 7**

>    and that diminishes the symptoms and signs of your mental disorder (*see* 12.00G2b); and
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (*see* 12.00G2c).

Listing 12.15C.

    The ALJ found that Petitioner's PTSD did not meet the paragraph B criteria, because he concluded the evidence supported only moderate limitations[2] in all four areas of mental functioning. For the first area, understanding and remembering or applying information, the ALJ referenced treatment notes reflecting Petitioner reported difficulty with both short and long-term memory related to a TBI, but that his intelligence, judgment, and insight appeared average. (AR 47.) Turning to the second area, interacting with others, the ALJ noted Petitioner's medical records reflected Petitioner's behavior was within normal limits, but that his affect appeared "largely constricted with eruptions of exaggerated and engaged responsive," and that his mood was anxious and apprehensive, but that he denied thoughts of self-harm or harming others. (AR 47.)

    In terms of concentrating, persisting, or maintaining pace, the ALJ referenced treatment notes indicating Petitioner was oriented x3, his mood appeared anxious and apprehensive, but that no signs of psychosis or other similar symptoms appeared to be present. And last, with regard to limitations in adapting or managing oneself, the ALJ referred to treatment notes indicating Petitioner was appropriately attired, and

---

[2] A moderate limitation is defined as follows: "[y]our functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." Listing 12.00F.

**MEMORANDUM DECISION AND ORDER - 8**

demonstrated behavior within normal limits. He also cited that Petitioner was able to orchestrate a complex real estate transaction and move his family, including a new baby, to Northern Idaho. (AR 47.) According to the record, Petitioner's move to Northern Idaho occurred between May and July of 2018. (AR 816 – 819.)

With respect to the paragraph C criteria, the ALJ determined the evidence did not establish that Petitioner has only a marginal adjustment, defined as a minimal capacity to adapt to changes in the environment or to demands that are not already part of daily life. (AR 48.) Although the ALJ did not elaborate on this finding in this particular paragraph, he mentioned previously that Petitioner was able to travel to Northern Idaho, live there for several months alone and search for a house, complete a complicated real estate transaction, and move his family there, including his new baby. (AR 47.)

Petitioner argues the evidence contained in the medical records and in support of the 100% service connected disability rating assigned by the VA in 2017 favors a finding that Petitioner's condition "is at listing level for his PTSD, and far more severe than what was determined by the ALJ."[3] Petitioner identifies the following evidence in the record in support of his argument: (1) Petitioner's PTSD symptoms worsened by October 2018; (2) mental status examinations support a finding of disability; (3) Dr. Sonnenberg's independent evaluation in January of 2013 supports a finding of "serious difficulties with

---

[3] Petitioner concedes that, in claims filed on or after March 27, 2017, the ALJ is not required to provide any analysis in his determination about a decision made by another governmental agency, such as the Department of Veteran Affairs. 20 C.F.R. § 416.904. Rather, the ALJ is instructed to consider the supporting evidence underlying the other governmental agency's decision that is received as evidence. *Id.*

**MEMORANDUM DECISION AND ORDER - 9**

work related mental activities"; (4) the November 1, 2018 psychological assessment in the record reflects the 100% disability rating assigned by the VA; and (5) Petitioner reports severe mood disturbance and increased arousal and reactivity, as well as flashbacks, in October of 2018. Petitioner therefore concludes "all of the required elements" are present to "meet or equal [Listing 12.15], the listing for PTSD."

Upon review of the record as a whole, the Court finds the ALJ articulated adequate reasons to support his step three conclusion. Contrary to Petitioner's argument, the ALJ did not rely upon a myopic view of the record in making his findings that Petitioner exhibited moderate limitations in all four areas of mental functioning comprising the paragraph B criteria of Listing 12.15. Although the ALJ did not recite all the evidence he considered in his step three conclusion, the ALJ did note Petitioner's extensive medical history during his discussion at step four. For instance, the ALJ discussed the longitudinal evidence of record, including the fact Petitioner's VA disability rating increased from 60% to 100%. (AR 49).

The ALJ next discussed Petitioner's medical history, beginning with records from 2017, through February of 2019. (AR 49-51.) Further, the ALJ engaged in an analysis of the medical opinions of record, which included opinions from the state agency physicians and the opinion from Richard Sonnenberg, Ph.D., who performed a consultative examination in January of 2013. (AR 52-53.)[4] The ALJ relied upon Petitioner's own

---

[4] The ALJ did not find Dr. Sonnenberg's opinion persuasive, on the grounds it was rendered more than four years before Petitioner's onset date of May 20, 2017, and Petitioner engaged in significant gainful activity for three years after January of 2013. (AR 53.) Petitioner

**MEMORANDUM DECISION AND ORDER - 10**

testimony, which indicated Petitioner was an active father and participated in numerous activities with his children. (AR 49, 52.) Finally, as previously mentioned, the ALJ discussed Petitioner's ability to complete a complex real estate transaction and move his family to Northern Idaho in the late spring of 2018.

Petitioner simply points to other evidence that, in his view, would support a different outcome. However, the ALJ's determination must be upheld when the evidence is susceptible to one or more rational interpretations, and the Court may not reweigh the evidence, substitute its "own judgment for the Secretary's, or give vent to feelings of compassion." *Winans v. Bowen*, 853 F.2d 643, 644–45 (9th Cir. 1987) (citing *Bowman v. Heckler*, 706 F.2d 564, 566 (5th Cir. 1983). Upon review of the record, the Court finds the ALJ sufficiently discussed and evaluated the evidence contained in the record as a whole before concluding Petitioner did not meet Listing 12.15.

## 2. Petitioner Has Not Shown He Medically Equals the Requirements of Listing 1.04A.

A claimant's "impairment(s) is medically equivalent to a listed impairment in appendix 1 if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). Where a claimant has a listed impairment but does not exhibit all the required findings for that impairment, medical equivalence can exist if the claimant has other findings related to his impairment that are at least of equal medical significance to the required criteria. 20 C.F.R. § 404.1526(b)(1). The ALJ must

---

does not attack the ALJ's conclusion.

**MEMORANDUM DECISION AND ORDER - 11**

consider medical equivalence based upon all of the evidence in the claimant's case record about his impairments and their effects that are relevant to this finding. 20 C.F.R. § 404.1529(d)(3). This process involves comparing the claimant's symptoms, signs, and laboratory findings with the symptoms, signs, and laboratory findings of a listed impairment. *Id*. Thus, to merit a finding of medical equivalence, Petitioner must offer evidence showing his own symptoms, signs, and laboratory findings are at least as medically significant as those that would show he meets the listing requirements.

An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination unless the claimant presents evidence in an effort to establish equivalence. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (citing *Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir. 2001) (in distinguishing *Marcia v. Sullivan,* 900 F.2d 172 (9th Cir.1990), this Court determined that the ALJ's failure to consider equivalence was not reversible error because the claimant did not offer any theory, plausible or otherwise, as to how his impairments combined to equal a listing impairment).

Here, Petitioner did not advance a cogent argument that his symptoms are medically equivalent to the criteria of Listing 12.15. Petitioner simply asserted, without explanation, that he "meets or equals [Listing 12.15] for his PTSD. He would certainly 'equal' a listing given his TBI." (Pet. Brief at 11). However, Petitioner did not offer evidence, either before the ALJ or on appeal, showing how his symptoms, signs, and other findings are at least as medically significant as those that would demonstrates he

**MEMORANDUM DECISION AND ORDER - 12**

meets the listing requirements, and he did not articulate any reasoning that would support making such a finding.

Accordingly, the Court finds the ALJ did not err.

## CONCLUSION

Substantial evidence supports the ALJ's findings at step three. The Court will therefore deny Petitioner's request for review and affirm the decision of the Commissioner.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:** Petitioner's Petition for Review (Dkt. 1) is **DENIED**, the decision of the Commissioner is **AFFIRMED**, and this action is **DISMISSED** in its entirety, with prejudice.



DATED: May 12, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**